# INDIANA, BLOOMINGTON & WESTERN RAILWAY COMPANY

## v.

## DANIEL NICEWANDER AND GEORGE H. LUTZ.

*Action to Recover Damages Resulting from Fire Set by Locomotive—
Secs. 63 and 104, Ch. 114, Starr & C. Ill. Stat.—Negligence—Question
for Jury—Evidence—Slight Error in Instruction.*

1. Under Sec. 63, Ch. 114, Starr & C. Ill. Stat., it is the duty of a railroad corporation to keep its right of way clear from all dead grass, dry weeds and other dangerous combustible material, during the winter as well as during the summer.

2. In an action for damages resulting from a fire set by defendant's locomotive, in January, it is held that evidence that defendant cut and burned the grass and weeds upon its right of way in September or October previous, is not sufficient to show a full compliance with the law.

3. Under the evidence presented, this court holds that it was for the jury to say whether the defendant was guilty of negligence under said section or Sec. 104 of said chapter, and declines to interfere with their verdict.

4. A judgment will not be reversed for a slight error in an instruction which could have worked no injury to the appellant.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GERE & BEARDSLEY, for appellant.

Mr. E. L. SWEET, for appellees.

CONGER, J. On the evening of January 10, 1885, fire escaped from an engine of appellant, and caught either in some dry grass upon the right of way, or in the stubble of the adjoining field, and thence ran along the ground until it reached and burned up three stacks of hay, belonging to appellees, standing some forty rods to the north of appellant's track.

Liability of the company is asserted upon two grounds, first, under Sec. 63, Chap. 114, Starr and Curtis Ill. Stat., which provides it shall be the duty of all railroad corporations to keep their right of way clear from all dead grass, dry weeds, or other dangerous combustible material, and for neglect shall be liable, etc. Henry J. Baker testified : " There was some dry grass upon the right of way at that time—grass was timothy, and grew up to within ten feet of the track. The ground was dry. There had been snow on the ground in the early part of the winter and up to Christmas and after, when it melted away and ground dried up."

Appellant offered evidence to show that the grass and weeds upon the right of way had been cut down and burned up during the September or October previous, and insist that this fact shows the highest diligence and full compliance with the law.

We are unable to see the force of the suggestion. The duty of the company is to *keep* its right of way clear from all dead grass, etc., and if the duty is properly performed during the summer, that is no reason why it may be suspended during the winter. Liability is also asserted under the provisions of Sec. 104 of said chapter.

We are satisfied from the evidence that the fire was communicated by the passing engine, and it is declared by the section above referred to, that such fact shall be taken as full *prima facie* evidence to charge appellant with negligence. To rebut this presumption, evidence was offered by appellant tending to show that the engine was properly managed by a competent engineer at the time, and was supplied with the best apparatus for arresting sparks known to the profession of locomotive engineers.

Under this proof it was for the jury to say whether appellant was guilty of negligence under either of the sections. If the fire started in the right of way from catching in the dead grass, and thence spread to the hay stacks, we can not say the jury were not warranted in reaching the conclusion they did. On the other hand if the jury believed from the evidence that the sparks flew over into the field, a distance of fifteen or

twenty steps from the track, as testified to by Baker, and there started the fire—the jury might be warranted in regarding that fact as evidence that the engine was not in proper condition.

We can see no good reason for disturbing the verdict of the jury.

The objection to appellees' first instruction is quite technical. The fault is so slight that we can not think it could have worked any harm to appellant and will not therefore be noticed further.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*